State *v.* Birchim.

The judgment and order refusing a new trial are affirmed.

WHITMAN, C. J., did not participate in the foregoing decision.

————————

THE STATE OF NEVADA, RESPONDENT, *v.* JOHN G. BIRCHIM *et al.*, APPELLANTS.

RECOGNIZANCE—" BRIEFLY STATING NATURE OF OFFENSE." A recognizance, which gives the name of the offense for which the principal is held, sufficiently complies with the statutory provision (Crim. Pr. Act, Sec. 405,) of " briefly stating the nature of the offense."

RECOGNIZANCES AND COMMITMENTS, RULES OF CONSTRUCTION DIFFERENT. The reasons for setting forth the particulars of the offense in a commitment do not exist in the case of a recognizance ; and therefore the construction requiring such particularity given to the words, " briefly stating the nature of the offense," as used in the statutory form of commitments (Crim. Pr. Act, Sec. 166,) is not applicable to the same words as used in the statutory form of recognizances (Crim. Pr. Act, Sec. 504.)

RECOGNIZANCES NOT IN STATUTORY FORM. It seems that a failure to follow the statutory form in giving a recognizance would not, if the obligation were in other respects plain, release the obligors from their liability.

APPEAL from the District Court of the Sixth Judicial District, Lander County.

This was an action against John G. Birchim and P. W. Murray to recover the sum of one thousand dollars, the penalty of the recognizance set forth in the opinion. The defendants filed a general demurrer, which was overruled. There was a judgment as prayed for in the complaint. Defendants appealed.

*Hillhouse & Hupp*, for Appellants.

I.   The recognizance sued on is fatally defective, for the reason that it does not state the *nature* of the offense upon

which Pryor was admitted to bail. The words "grand larceny," as employed therein, amount simply to a designation of the offense charged, and cannot be said to constitute a statement of the *nature* of the offense as required by the statute. Stats. 1861, 489, Sec. 504. What did the legislature mean by the word "nature"? Certainly not the mere insertion of the name by which the given crime is known in the nomenclature of the law. Had such been the intention, it would have been easier and certainly more perspicuous to have said " naming the offense" than "stating briefly the nature of the offense." The word "nature" is of common use, and is thus defined: "The sum of qualities and attributes which make a thing what it is, as distinct from others; created or essential quality." Webster. " The state, properties or essence of any particular thing, or class of things, or that which constitutes it what it is." Worcester. " Essence, essential part; essential character; gist; pith; marrow." Roget's Thesaurus.

II. The same rule is to be observed in the construction of different sections of the same act, in relation to the same or germain subject matters. Now, sections 166 and 504 of the Nevada statute are exact transcripts of the sections of the California statute touching the forms of a commitment and recognizance. When we adopt the statute of a sister state, we also adopt the interpretation and construction which the highest court of that state has given to that statute. In *Ex parte Branagan*, 19 Cal. 133, it was held by the supreme court of California that the mere designation of the offense by name was not sufficient.

III. Upon principle and reason, the offense should be stated with a greater degree of certainty and minuteness in a recognizance than in a commitment. The purpose of the former is not only to set the prisoner free but also to compel his attendance whenever and wherever required by the court,

State v. Birchim.

even unto the execution of the judgment; in default of which appearance a heavy pecuniary penalty is imposed upon third parties guiltless of any infractions of the law, and who, *ex mera gratia*, have incurred that penalty for the purpose of aiding in the administration of the laws. The object of the latter, on the contrary, is merely to justify the officer in restraining of his liberty a man who has incurred the alternative hardship of temporary imprisonment by a criminal violation of those laws. See 1 Chitty on Criminal Law, 109; Hurd on Habeas Corpus, 376, 382, 383; Hale's Pleas of the Crown, 94; 2 Coke's Institutes, 52; *Ex parte Branagan*, 19 Cal. 135.

*N. D. Anderson*, for Respondent.

I. In the general doctrine that where we adopt the statutes of a sister state, we also adopt the interpretation given to those statutes, appellants are undoubtedly correct. But we deny the conclusion drawn from *Ex parte Branagan*. The commitment is the official act of the officer to show for what cause a party should be restrained of his liberty; nothing is to be presumed; nothing to be taken by intendment. The recognizance, on the other hand, is the voluntary act of the party liable under the law to be restrained of his liberty in order to obtain his freedom from bodily restraint. They are essentially different in their character. *People* v. *Kane*, 4 Denio, 530; *People* v. *Mills*, 5 Barb. 511; *Gildersleeve* v. *People*, 5 Barb. 35; Bacon's Abridgment, " Commitment, E."

II. Although the recognizance in this case is inartificially drawn, it has all the elements required to constitute a valid bail bond. *People* v. *Koeber*, 7 Hill, 43; *People* v. *Young*, 7 Hill, 46; *Champlain* v. *The People*, 2 Comstock, 82. The last cited case draws very clearly the true distinction between a commitment and a recognizance.

III. A greater degree of certainty is required in the commitment than in the recognizance because the law in its humanity favors liberty so much, that why, by what authority and for what cause any human being is deprived of it, must distinctly and clearly appear. But to give liberty to one who is legally imprisoned charged with a violation of law, no such particularity is requisite.

By the Court, BELKNAP, J.:

Judgment was rendered against the defendants in an action upon the following forfeited recognizance :

" State of Nevada, 
   "County of Lander. } ss.

"An order having been made on the twenty-sixth day of October, A. D. 1872, by W. K. Logan, justice of the peace of the County of Lander, that A. E. Pryor be held to answer upon the charge of grand larceny upon which he has been duly admitted to bail in the sum of one thousand dollars, we, John G. Birchim and P. W. Murray of the said county, undertake that the above named A. E. Pryor shall appear and answer the charge above mentioned in whatever court it may be prosecuted, and shall at all times hold himself amenable to the order and process of the court, and if convicted shall appear for judgment, and render himself in execution thereof, or, if he fail to perform either of these conditions, that he will pay to the people of the State of Nevada the sum of one thousand dollars.

"J. G. BIRCHIM.  [SEAL.]<br>"P. W. MURRAY.  [SEAL.]

" Witnessed and approved by me, this 26th day of October, 1872.

" W. K. LOGAN, Justice of the Peace."

The statutory form for a recognizance set forth in section 504 of the Criminal Practice Act contains a blank to be filled by "stating briefly the nature of the offense." It is maintained that the words "grand larceny" employed in the bond do not fulfill the requirements of the statute, since they name the offense charged rather than state its nature. In other respects the recognizance follows the form of the statute. Sections 504 and 166 of the Criminal Practice Act of this State are borrowed from the state of California. Previous to their adoption, section 166, which declares that commitments shall "state briefly the nature of the offense and as near as may be the time when and the place where the same was committed," had received a judicial construction by the supreme court of that state. It is contended that this construction, so far as it relates to the words "nature of the offense," should govern us in construing section 504. True, the words to be construed are common to each section, and are contained in the same legislative enactment. But the same words have not necessarily the same meaning attached to them when found in different parts of the same instrument; their meaning must be determined by the subject to which they are applied. 5 Pet. 20.

The rules governing the construction of commitments and recognizances are essentially different. The common law has always protected the subject against arbitrary imprisonment by requiring the causes of his detention to be expressed upon the commitment. "A commitment," says Mr. Hurd, "in the absence of any statutory provisions prescribing its form and contents, does not sufficiently state the offense by simply designating it by the species or class of 'crimes to which the committing magistrate may consider it to belong; but it ought to state the facts charged or found to constitute the offense, with sufficient particularity to enable the court, on a return to a *habeas corpus*, to determine what particular crime is charged against the prisoner.'" Hurd on Habeas

Corpus, 382. In *Ex parte Branagan*, 19 Cal. 133, Chief Justice Field construed section 166 in reference to this common law principle. He considered the statute declaratory of the common law, and therefore held that the particulars of the offense should be stated in the commitment.

A recognizance, however, is the voluntary act of the obligors, and assumes the existence of a valid commitment. The reasons for setting forth the particulars of the offense in commitments do not exist in the case of recognizances, and the construction given to the words "nature of the offense," as they occur in section 166, is inapplicable to the same words in section 504.

Section 4968 of the laws of Iowa contains a form for recognizances similar to our section 504. It was held in *The State* v. *Marshall*, 21 Iowa, 143, where the principal was held to answer upon a charge of seduction, that the use of the word "seduction" in a bail bond was a sufficient compliance with the requirement of the statute to "state briefly the nature of the offense."

The word "nature" is defined by Webster as meaning "sort, kind, character or species," and we think this is the sense in which it is here used. The requirements of the statute are, therefore, substantially complied with.

We are not, however, restricted to a construction of the blank form in section 504. The object of this section is to provide a form which the magistrate may be required to accept. A failure to follow the form would not release the obligors from their liability. 2 Ld. Raym. 1138, 1459; *Phelps* v. *Parks*, 4 Vt.; 34 Iowa, 323.

The judgment of the district court must be affirmed. It is so ordered.

WHITMAN, C. J., did not participate in the foregoing decision.