## PONOKSY v. STATE.

No. A-1222.  Opinion Filed September 21, 1912.

(126 Pac. 451.)

**INDICTMENT AND INFORMATION—Complaint—Information—Variance.** When it appears that the charge in the complaint before the committing magistrate is substantially the same as that charged in the information, a motion to quash on the ground that the offense charged in the information differs from that charged in the complaint upon which the defendant was held to answer is unavailing, and was properly overruled.

(Syllabus by the Court.)

*Appeal from District Court, Seminole County;
Tom D. McKeown, Judge.*

One Ponoksy, alias Fleeing Wolf, was convicted of larceny of live stock, and appeals.  Affirmed.

*Davis & Davis* and *C. Dale Wolfe,* for plaintiff in error.

*Chas. West,* Atty. Gen., for the State.

DOYLE, J.  The plaintiff in error, Ponoksy, alias Fleeing Wolf, was convicted of stealing a cow, and was sentenced to be imprisoned in the penitentiary for one year and one day.  The judgment and sentence was entered on April 29, 1911.  An appeal was taken by filing in this court June 27, 1911, a petition in error with transcript of the record attached.

The information on which he was tried (omitting the formal parts) reads as follows:

"That Ponoksy, late of Seminole county, state of Oklahoma, did, in Seminole county, and in the state of Oklahoma, on or about the 25th day of September in the year of our Lord one thousand nine hundred and ten and anterior to the presentment hereof, commit the crime of stealing a domestic animal, in the manner and form as follows, that is to say:  The said defendant did, on the day and date aforesaid, unlawfully, willfully, and feloniously take, steal, and carry away by fraud and stealth one cow and one calf, the same being then and there the per-

sonal property of S. L. Noland, without the consent of said S. L. Noland, with the unlawful and felonious intent of him, the said Ponoksy, to then and there deprive the said owner thereof, and with the unlawful and felonious intent to then and there appropriate the same for the use and benefit of him, the said Ponoksy, contrary to," etc.

Upon his arraignment he filed a motion to quash the information for the following reasons: First, because the complaint filed before the examining magistrate stated no offense known to the law; second, he had no preliminary examination for the crime charged in the information, and hence the county attorney was without authority to file the information, and the trial court was without jurisdiction to try the defendant for the offense charged therein. The motion to quash was overruled, and exception allowed. The several assignments of error are based upon this ruling of the court.

The complaint filed before the examining magistrate charged that on the 25th day of September, 1910, one Ponoksy, "at and in the above named county and state, did unlawfully, willfully, and feloniously take, steal, and carry away one pale red heifer, branded N. N. on the right hip, the property of S. L. Maland, with the intent to appropriate the same to his own use, contrary to," etc. A warrant was issued, and the defendant was arrested and brought before the justice, and the record shows, for his plea thereto, "he says that he is guilty and waives his right to a preliminary examination"; that thereupon the case was continued; that on the next day the preliminary examination was had, and witnesses were sworn and examined, and after hearing their testimony it was ordered that said defendant be held to answer said charge, and that he be admitted to bail in the sum of $1,000.

It cannot be doubted that the complaint on which the examining magistrate held the defendant to answer to the district court charged not only substantially, but almost in the identical language, the same crime for which the defendant was tried in the district court. The complaint filed before the justice cannot be said to charge no crime. It fully charges the stealing of a domestic animal. Probably the testimony of witnesses on the preliminary examination had by the state, after the defendant

had waived the same and said that he was guilty, showed that the name of the owner was "S. L. Noland," instead of "S. L. Maland," and that the stolen animal was a cow, instead of a heifer. There is no variance between the complaint and the information as to the date of the offense, or crime charged. The state is not barred from holding an examination, even though a defendant waives his right thereto.

Section 6701 (Comp. Laws 1909) of Procedure Criminal provides:

"When an offense involves the commission of, or an attempt to commit a private injury, and is described with sufficient certainty in other respects to identify the act, an erroneous allegation as to the person injured, or intended to be injured, is not material."

.Under this rule of criminal pleading, the name of the owner in the original complaint is not material, if the proof on the preliminary hearing discloses all the essential facts necessary to constitute the crime of which the defendant was charged by information in the district court. The examining magistrate held the defendant for the crime of stealing a domestic animal, and the information charges him .with the same crime. This is a sufficient compliance with the constitutional provision and the statute.

We think that it was never contemplated that the information should charge the crime in the same language, or word for word the same, as charged in the original information filed before the examining magistrate. In our opinion the contention of the defendant's counsel is without merit, and the motion to quash the information was properly overruled.

The judgment is therefore affirmed.

FURMAN, P. J., and ARMSTRONG, J., concur.