## LUTHER MORGAN v. STATE.

No. A-1243.   Opinion Filed December 14, 1912.

(128 Pac. 159.)

1. LARCENY—Evidence—Sufficiency. In a prosecution for larceny of live stock, the evidence is held sufficient to support the verdict, and that no reversible error was committed on the trial.

2. INDICTMENT AND INFORMATION — Variance — Preliminary Examination. When it appears that the charge in the preliminary complaint is substantially the same as that set forth in the information filed by the county attorney in the district court, a plea of a want of a preliminary examination, or a variance between the preliminary complaint and the information, is unavailing.

3. TRIAL—Verdict—Sufficiency. Where the information charged larceny of live stock, and the jury were limited to consideration of such crime, and the verdict found defendant guilty "of grand larceny as charged in the information," the words "grand larceny" were not binding on the court, and the defendant was found guilty as charged.

(Syllabus by the Court.)

*Appeal from District Court, Hughes County;*
*John Caruthers, Judge.*

Luther Morgan was convicted of larceny and appeals. Affirmed.

*Crump, Skinner & Bailey,* for plaintiff in error.

*Chas. West,* Atty. Gen., and *Smith C. Matson,* Asst. Atty. Gen., for the State.

DOYLE, J. The plaintiff in error, Luther Morgan, was convicted in the district court of Hughes county on an information filed in said court October 21, 1910, wherein it was charged:

"That the said Luther Morgan, at the time and in the county and state aforesaid, did willfully, unlawfully and feloniously take, steal, and carry away by stealth one cow, the personal property of W. P. Stockton, of the value of $30, with the unlawful and felonious intent to appropriate the same to his own use, and to deprive the true owner thereof, contrary, etc."

On arraignment the defendant filed a demurrer to the information, which was overruled by the court, and the defendant entered a plea of not guilty.

When the case was called for trial, the defendant asked leave to withdraw his plea and file a motion to set aside the information, which application was refused; whereupon the defendant filed a motion to quash the information, alleging that he had no preliminary examination, as provided by law, which motion was overruled by the court.

A trial was held at the March, 1911, term of said court. The jury returned the following verdict:

"We, the jury drawn, impanelled, and sworn in the above-entitled cause, do, upon our oaths, find the defendant guilty of grand larceny as charged in the information herein, and assess his punishment at hard labor in the state penitentiary at McAlester, Oklahoma, for a period of two and one-half years."

Which verdict was rendered in open court, without objection on the part of the defendant, and the court thereupon fixed a time for judgment. Motion for new trial was filed and overruled. On March 18, 1911, judgment and sentence was entered in accordance with the verdict.

The assignments of error relied upon to reverse the judgment are, in effect, as follows:

First. Error of the court in overruling the motion to set aside the information. This assignment is based on the theory that at the preliminary examination the crime charged against the defendant was grand larceny, and the information charges

a larceny of live stock. The motion to set aside the information, even if filed in proper time, before plea, is without merit. The record shows that the charge against the defendantt in the original information was larceny of live stock, although erroneously termed "grand larceny."

In the case of *Ponosky v. State, ante,* 126 Pac. 451, it was held that:

"When it appears that the charge in the complaint before the committing magistrate is substantially the same as that charged in the information, a motion to quash, on the ground that the offense charged in the information differs from that charged in the complaint upon which the defendant was held to answer, is unavailing, and was properly overruled."

The second assignment is that the verdict of the jury is contrary to law, because the information charges a larceny of live stock, and the verdict is for grand larceny. We think this question is settled in the case of *Crowell v. State,* 6 Okla. Cr. 148, 117 Pac. 883. The information here charged the larceny of live stock, and the court, in his instructions, limited the jury to a consideration alone of larceny of live stock, and the verdict, as returned, found defendant guilty of "grand larceny as charged in the information herein." The real effect of such verdict is to find the defendant guilty "as charged in the information." The words "grand larceny" were not binding upon the trial court, and no objection was made to the form of the verdict when the same was rendered. When the court pronounced judgment against the defendant for larceny of live stock, no objection was then made to the judgment as pronounced.

In the Crowell case, *supra,* it is said:

"The words 'grand larceny,' mistakenly used in entering judgment, could not in any way have misled or injured the defendant. The information, plea, minutes of the trial, verdict, and judgment, taken together furnish the defendant complete protection against another prosecution for the same offense."

The defendant was not prejudiced in any way by the irregular form of the verdict. The only difference between the crime of stealing a domestic animal, under the act of March 24, 1910, relating to the larceny of live stock, and larceny under the gen-

eral statute is that this act abolishes the degrees of larceny and makes the stealing of a domestic animal a felony, without regard to value.

Section 6957, Criminal Procedure (Comp. Laws 1909), provides:

"On an appeal the court must give judgment without regard to technical errors or defects, or to exceptions which do not affect the substantial rights of the parties."

As was said in *Swartz v. State*, 6 Okla. Cr. 590, 120 Pac. 1029:

"The mandatory language of this wise and beneficent provision precludes this court from reversing judgments of conviction for errors, defects, or irregularities deemed inconsequential in the absence of reasonably clear indications that the plaintiff in error was prejudiced thereby, in that otherwise the verdict might, with reasonable probabilities, have been different. The public policy in the administration of criminal justice, as declared by this and other similar provisions of our criminal procedure act, has from its organization been fully conformed to by this court, not only as an obligation, but as a pleasure as well; and the doctrine that, error being made to appear, prejudice will be presumed has never obtained in this court."

The charge of the court fully and fairly stated the law of the case, and no good purpose would be served by reviewing the objections thereto, further than to say that we find no error in any of the matters complained of in the assignments pertaining to the instructions. Our conclusion is that the defendant had a fair, impartial, and legal trial.

The judgment of the district. court of Hughes county is therefore affirmed.

FURMAN, P. J., and ARMSTRONG, J., concur.