## BEN CHAPPELEAR v. STATE.

No. A-1837.　Opinion Filed December 13, 1913.

(136 Pac. 978.)

1.　**INDICTMENT AND INFORMATION—Joint Offenders.** Separate informations may be filed against defendants complained of as being joint offenders, and together held for the commission of a single crime.

2.　**SAME—Right to Amend—Time.** By leave of court, an information may be amended, as to matters of substance or form, after a plea of not guilty has been entered, and before the trial has begun.

3.　**SAME—Preliminary Complaint—Variance.** When it appears that the charge in the complaint before the committing magistrate is substantially the same as that charged in the information filed in the district court, a motion to quash, on the ground that the offense charged in the information differs from that charged in the complaint upon which the defendant was held to answer, is unavailing, and was properly overruled.

4.　**APPEAL—Record—Presumption.** Error must affirmatively appear from the record; it is never presumed. Every presumption favors the regularity of the proceedings had upon the trial. The plaintiff in error must affirmatively show prejudicial error; otherwise the judgment of the trial court will be affirmed.

5.　**LARCENY—Variance—Number of Animals Stolen.** In a prosecution for larceny of animals, a variance between the information and proof as to the number stolen was immaterial.

*Appeal from District Court, Washita County;*
*James R. Tolbert, Judge.*

Ben Chappelear was convicted of cattle theft, and appeals. Affirmed.

*Jones & Bashore,* for plaintiff in error.

*Chas. West,* Atty. Gen., and *Smith C. Matson,* Asst. Atty. Gen., for the State.

DOYLE, J. This appeal is prosecuted from a conviction had in the district court of Washita county, on the 30th day of March, 1912, in which the defendant was found guilty of larceny of domestic animals, and his punishment assessed at imprisonment in the penitentiary for the term of five years. The evidence shows that Ben Chappelear and Tom Smith, residing near the town of Cloud Chief, learned that their neighbor, Charley Maddox, was going to ship some cattle from the town of Dill, on the Orient railroad, to Wichita. Maddox and his brother drove the cattle to Dill, arriving with them there about dark; the cattle were put into the railroad stock pens. Chappelear and Smith took five of the cattle out of the railroad stock pens, and drove them back in the general direction from which they had come, but by a different road; the loss of the cattle was discovered by Maddox when he went back to load them, and search was made. Investigation led to the finding of the cattle tracks and horse tracks, and the subsequent finding of the cattle on the day following where they had been left, in a field about fifteen miles from where they had been taken; and that the horse tracks following these cattle were the tracks of the horses rode by Chappelear and Smith. Witnesses also testified to seeing Chappelear and Smith driving the stolen cattle. There was no evidence offered on the part of the defense. The record shows that on November 20, 1911, the county attorney of Washita county filed preliminary complaint with the county judge of said county, which said complaint charged Ben Chappelear and Tom Smith with the larceny of five head of cows, the property of Charley Maddox. The defendants were arrested, and waived preliminary examina-

tion, and gave the required bond and were released. That on the 14th day of December, 1911, the county attorney filed in the district court an information, charging Ben Chappelear and Tom Smith with the larceny of five head of cows. Defendants were arraigned and entered pleas of not guilty and present bond continued. That on the 20th day of February, 1912, the county attorney filed an amended information against the defendant Chappelear, charging the larceny of two head of cows, the property of Charley Maddox. Thereafter on the 15th day of March, 1912, this case came on for trial, and the state and the defendant announced ready, and a jury was impaneled to try the cause. Thereupon the county attorney read the information to the jury, and made his statement of the case. Thereupon the defendant's counsel moved to quash the information, for the reason that no preliminary examination had been had or waived by the defendant upon the charge stated in the information, upon which the defendant was then sought to be tried; that the same had been filed without leave of court, or notice to the defendant, or his counsel, and that he had never been arraigned upon this information, nor had he pleaded to such information. Thereupon the defendant was arraigned and entered his plea of not guilty. The action of the court is assigned as error. The defendant has filed a brief of 31 closely printed pages, without citation of authority to support the contention made.

The argument advanced is that after the defendants had been jointly held for trial, the county attorney had no power other than to file an information, jointly charging them with the larceny as charged in the original complaint. Under the statute any defendant in a felony case may demand that a separate trial be awarded him; and, where the state asks it, a separate trial may be granted, in the discretion of the court. Section 5878, Rev. Laws 1910. In our opinion it is within the discretion of the county attorney to inform against them either jointly or severally, and separate informations requiring separate trial may be filed against defendants complained of as being joint offenders, accused of the commission of a single crime. *People v. Plyler,* 121 Cal. 160, 53 Pac. 553.

In the case of *Rollen v. State,* 7 Okla. Cr. 673, 125 Pac. 1087, it was held by this court that:

"By leave of court, an information may be amended, as to matters of substance or form, after a plea of not guilty has been entered, and before the trial has begun."

The question presented, as to whether or not the amended information charged an offense different from that charged in the preliminary complaint, will be answered by stating that this court has held in numerous decisions that when it appears that the charge in the complaint before the committing magistrate is substantially the same as that charged in the information, a motion to quash, on the ground that the offense charged in the information differs from that charged in the complaint upon which the defendant was held to answer, is unavailing, and is properly overruled. *Ponosky v. State,* 8 Okla. Cr. 116, 126 Pac. 451; *Morgan v. State,* 8 Okla. Cr. 444, 128 Pac. 159; *Sayers et al. v. State, ante,* 135 Pac. 944.

Quantity and number are not ordinarily essential to be proved as alleged, and a variance as to the number of animals stolen is not fatal to a conviction. Where an information alleges the taking of a certain number of animals, the state is not bound to prove the exact number alleged in the information, because the number of animals stolen at any one time is immaterial and does not tend to change in any way the degree of the crime.

Counsel in their brief state:

"A review of the whole case will be necessary in order for this court to determine whether there is prejudicial error, and the court will presume that the defendant was prejudiced until it is made from the whole record to appear that he was not."

The presumption is just the opposite. Error must affirmatively appear from the record. It is never presumed. Every presumption is in favor of the regularity of the proceedings had upon the trial. The general rule, often announced by this court, is that the plaintiff in error must affirmatively show prejudicial error, otherwise the judgment of the lower court will be affirmed. *Killough v. State,* 6 Okla. Cr. 311, 118 Pac. 620.

After a careful examination of the record we are satisfied that under well-settled rules, sustained and upheld by the decisions of this court, no error has been committed; to the prejudice of the substantial rights of the defendant. The judgment of conviction is therefore affirmed.

ARMSTRONG, P. J., and FURMAN, J., concur.