[Civ. No. 2202. First Appellate District.—October 22, 1917.]

THE PEOPLE, Respondent, v. C. LEPORI, Appellant.

CRIMINAL LAW—BAIL BOND—DESCRIPTION OF OFFENSE.—"Grand larceny" is a sufficient description in a bail bond of the offense where the information charged stealing, taking, and carrying away from the person.

ID.—SUFFICIENCY OF EXECUTION OF BOND.—A certificate of acknowledgment is not necessary to the validity of the bond.

ID.—ACTION ON BAIL BOND—DEFENSE—INFORMATION CHARGING DIFFERENT OFFENSE.—The fact that the information charges an offense different from that for which an accused person is held is not a defense to an action on the bond given to secure his appearance.

APPEAL from a judgment of the Superior Court of Alameda County.   T. W. Harris, Judge.

The facts are stated in the opinion of the court.

Stetson & Koford, for Appellant.

W. H. L. Hynes, District Attorney, and Wm. T. Satterwhite, Deputy District Attorney, for Respondent.

LENNON, P. J.—One Fassio was held to answer in the police court of the city of Oakland, on the ninth day of August, 1910, by a commitment reciting that: "It appearing

. . . that the offense, felony, to wit, grand larceny, has been committed, etc.'' The complaint in the police court charged Fassio with grand larceny in stealing, taking, and carrying away personal property, to wit: six hundred dollars and fifteen cents. On the twenty-third day of August, 1910, the district attorney filed an information, charging Fassio with stealing, taking, and carrying away from the person of one Giambattista personal property, to wit, six hundred dollars and fifteen cents. On the twenty-fourth day of August, 1910, the defendant in this case executed a bond obligating himself to pay to the people of the state of California the sum of two thousand dollars in case Fassio failed to appear and answer the crime of grand larceny, as charged in the information. Fassio failed to appear on the day set for trial and the court ordered and declared the undertaking on bail forfeited. Subsequently, judgment was entered in this action against the defendant, and the appeal is from the judgment and from the order denying a new trial.

Appellant urges to defeat the enforcement of the penalty of the bond that the information filed against Fassio is void because it charges the defaulting defendant with grand larceny under subdivision 2 of section 487 of the Penal Code, viz., larceny from the person, while he was held to answer for grand larceny without further description of the offense.

Grand larceny is larceny committed in either of the following cases: 1. When the property taken is of a value exceeding fifty dollars; 2. When the property is taken from the person of another; 3. When the property taken is a horse, mare, gelding, cow, steer, bull, calf, mule, jack, or jenny. (Pen. Code, sec. 487.)

Appellant's contention that the information charges a different offense than that for which defendant was held to answer, i. e., that grand larceny is something different from the offense defined in Penal Code, section 487, subdivision 2, is untenable. Grand larceny is a general term designating the offense, which the three subdivisions of section 487 of the Penal Code more particularly define. The commitment in the present case complied with the parenthetical injunctions of section 872 of the Penal Code, and held for the ''offense, according to the fact, stating generally the nature thereof,'' and the information charged the crime stated in the commitment, only stating it with greater particularity.

Defendant cannot rightfully complain of the designation of the offense as "grand larceny" in the bond, for the code merely provides that the bond "designate it generally." (Pen. Code, sec. 1287.) A designation of the offense as grand larceny in a bond under a statute declaring that it shall "state briefly the nature of the offense" has been held sufficient. (*State* v. *Birchim,* 9 Nev. 95.)

Appellant contends that the bond in suit was not acknowledged as required by statute, and bases his contention upon the absence of any certificate of acknowledgment. Section 1287 of the Penal Code merely provides that the undertaking be "acknowledged before the court." A certificate of acknowledgment is but a mode of proof, but *prima facie* evidence of a fact, and there is no indication in the statute of a purpose to make a certificate the exclusive evidence of the fact of acknowledgment. But even if the statute did require a certificate of acknowledgment, a plea of its absence would not, we think, avail appellant. The code provides that bail must in all cases justify by affidavit (Pen. Code, secs. 1280, 1288), and yet it has been held that the justification forms no part of the contract, and its absence will not permit a bondsman to escape his liability. (*Murdock* v. *Brooks,* 38 Cal. 596, 602; *Carpenter* v. *Furrey,* 128 Cal. 665, 669, [61 Pac. 369].) A parity of reasoning compels the conclusion that an acknowledgment is not a part of the contract.

Appellant claims that the bond was not fixed by the proper magistrate, in that no bail having been given before the filing of the information, its amount should have been fixed by the superior court. The fact that the superior court adopted the amount fixed by the judge of the police court is immaterial. The important fact is "the acceptance, by a competent court or magistrate, of the undertaking of sufficient bail for the appearance of the defendant, according to the terms of the undertaking, or that the bail will pay to the people of this state a specified sum," and it is the acceptance that constitutes the taking of bail as defined by the code. (Pen. Code, sec. 1269.)

The bond itself conformed to the requirements of section 1287 of the Penal Code, which gives the form of undertaking, and the record discloses that the bondsmen presented the bond in the superior court of Alameda County for the

purpose of releasing Fassio from custody; that the superior judge accepted and approved the bond, and the bond was filed and became a matter of record in the superior court of that county.

Appellant contends that the bond is more onerous than that prescribed by law, because the bond does not recite that the above-named Fassio will appear and answer the information above mentioned, but avers that he will appear and answer the charge above mentioned. In this behalf he argues that there is a difference between being required to answer to the charge and to answer to the information; that the word "charge" is more inclusive than the word "information." The bond reads: "An information having been filed . . . we . . . undertake that the above named Alferdo Fassio will appear and answer the charge above mentioned." Charge may mean a "formal complaint, information, or indictment" (*People* v. *Garnett*, 129 Cal. 366, [61 Pac. 1114]), and as here used cannot mean anything more or different than information. Furthermore, the code itself is an authority for the form used. (Pen. Code, sec. 985.)

Judgment affirmed.

Richards, J., and Kerrigan, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 20, 1917, and the following opinion then rendered thereon:

THE COURT.—The application for a hearing in this court after decision by the district court of appeal of the first appellate district is denied.

We do not question in the slightest degree the correctness of the views expressed by that court in regard to the claim that no recovery can be had on the bond because, as is urged, the information charges a different offense from that for which the defendant in the criminal case was held to answer. We deem it proper to say, however, that even if the information did state a different offense as claimed, that fact would not be a good defense in an action on the bond. The information would not be *void* in such a case, but only subject to

be set aside on proper motion (Pen. Code, sec. 995), and a bond given on release of the defendant from custody to secure his appearance as required during the pendency of the proceeding on the information filed would certainly be a valid obligation.