## CRESTUS H. PAYNE v. STATE.

No. A-4730.  Opinion Filed, May 2, 1925.
(235 Pac. 558.)

(Syllabus.)

1. **Constitutional Provisions.** Under section 17, Bill of Rights, no person shall be prosecuted for a felony by information without having had a preliminary examination before an examining magistrate, or having waived such preliminary examination.

2. **Indictment and Information—Information After Preliminary Hearing to Charge Only Offense for Which Accused Was Held.** Where a charge of felony is made before an examining magistrate, and a preliminary examination had, and the accused held for the district court upon the offense charged in the complaint, the county attorney is authorized to file an information against the accused charging only the offense for which the accused was held.

3. **Same.** In filing such information, the county attorney may not substitute one offense for another, but the information may vary in charging circumstances, methods, or means, or in formal and nonessential matters of the crime; or, where the offense is divided into degrees, or where a higher offense includes a lower, he may file an information charging any of the degrees, or any included offense, so long as the offense charged in the information is the same as the offense for which accused was held.

4. **Same—Shooting with Intent to Kill not Same Offense as, and Does not Include, Assault and Battery in Resisting Execution of Legal Process.** The crime of shooting with intent to kill, as defined in section 1756, Comp. St. 1921. is not the same offense and does not include the crime of assault and battery in resisting the execution of any legal process, as also defined in said section.

Appeal from District Court, Payne County; C. C. Smith, Judge.

Crestus H. Payne was convicted of assault and battery with a deadly weapon, and appeals. Reversed and remanded.

Freeman E. Miller, for plaintiff in error.

George F. Short, Atty. Gen., and Charles Hill Johns, Asst. Atty. Gen., for the State.

EDWARDS, J. For convenience and brevity, the plaintiff in error will be referred to as defendant, as in the court below.

The defendant was convicted in the district court of Payne county on a charge of assault and battery with a deadly weapon while resisting the execution of legal process, and his punishment fixed at imprisonment in the peni-

tentiary for a term of 2 years. The record discloses that the defendant was wanted for an assault and battery alleged to have been committed in Payne county. He was arrested at the town of Cushing by the police officers, held in the city jail over night and the next morning delivered to McDaniels, a deputy sheriff, to be taken to Stillwater. He was transported in a Ford car driven by McDaniels, and on the road to Stillwater an altercation arose between defendant and McDaniels. Defendant took a pistol off the person of McDaniels, assaulted him with it, put handcuffs on him, forced him to drive to Stillwater, and there defendant surrendered himself.

A preliminary complaint was filed charging the defendant with the crime of assault with intent to kill McDaniels, evidently drawn under the provisions of section 1756, Compiled Stats. 1921, the charging part of which is as follows:

"That Crestus H. Payne, then and there being, did then and there unlawfully, wrongfully, wilfully, and feloniously, and with malice aforethought, and with a premeditated design to effect the death of one A. N. McDaniels, * * * with a certain Colt's pistol make an assault upon, * * * said A. N. McDaniels, and did then and there shoot off and discharge at and toward the said A. N. McDaniels, the aforesaid pistol, with intent of him, the said Crestus H. Payne, the said A N. McDaniels then and there to kill and murder, and did then and there beat, bruise, wound, and injure the said McDaniels * * * with said pistol, and did feloniously attempt to kill and murder the said A. N. McDaniels."

A preliminary examination was had, and the defendant held for the district court for the crime of "attempt to kill, as charged in the complaint." An information was then filed by the county attorney charging the defendant with committing an assault and battery upon McDaniels, with intent to kill, and by means of a deadly weapon, in resisting the execution of legal process—the service of a warrant. Later, by leave of court, an amended information was

filed charging that defendant did with a certain pistol, then and there a deadly weapon, make an assault on McDaniels in resisting the execution of legal process, to wit, the execution of a warrant by the said McDaniels, he being then and there a deputy sheriff, by means and force as likely would produce death.

The defendant was tried on the amended information, and the verdict of the jury finds the defendant "guilty of the crime of assault and battery with a deadly weapon in resisting the execution of legal process."

The only assignment of error necessary to be considered is as follows: The court erred in overruling defendant's motion to quash and set aside the amended information, for the reason that defendant had not had a preliminary hearing on the charge in the information and the amended information. That the charge in the information and the amended information was not the charge on which the defendant was held to the district court.

In considering this contention it will be noticed that the complaint charges an assault with intent to kill. No allegation is made that the person assaulted was an officer, or that there was any resistance to any legal process. Upon a trial he was held for the offense of "attempt to kill as charged in the complaint." In the commitment no reference is made to resistance of any legal process. Section 17 of the Bill of Rights of the state Constitution provides that no person shall be prosecuted for a felony by information without having had a preliminary examination before an examining magistrate, or having waived such preliminary examination. Since both the information and the amended information charged the defendant with an assault and battery by means of a deadly weapon, in resisting the execution of legal process, it is necessary to determine whether or not the charge of assault with intent to kill, as made in the complaint, includes the offense of assault with a deadly

weapon in resisting the execution of legal process, as charged in the information and the amended information. If it does, the defendant was properly informed against. If it does not, he has not had a preliminary for the offense for which he was tried as required by the Constitution, and the court erred in overruling his motion to quash based on that ground. In a preliminary examination the magistrate may hold the accused for the offense charged in the complaint or for any other offense according to the facts. Section 2497, Comp. St. 1921.

This is a judicial determination by the magistrate of the offense found, and, when that has been done as in this case, the county attorney is thereby authorized to file an information charging the offense for which the accused was held, or substantially the same offense. Sayers v. State, 10 Okla. Cr. 195, 233, 135 P. 945; Ponoksy v. State, 8 Okla. Cr. 116, 126 P. 451; Morgan v. State, 8 Okla. Cr. 444, 128 P. 159; Stephens v. State, 12 Okla. Cr. 90, 152 P. 138; Muldrow v. State, 16 Okla. Cr. 549, 185 P. 332; Chappelear v. State, 10 Okla. Cr. 392, 136 P. 978.

By the term "substantially the same offense" is meant offenses varying only in degree, or means, or circumstances. Thus where an offense for which an accused is held is divided into degrees, and the accused is held for the higher, an information may be filed for the lower, or where the details involved differ as to means, methods, or circumstances, and the charge in the information is for some form of that offense and not a different offense, the informing officer may vary the charge in formal and nonessential matters to meet the contingencies of the testimony. But he may not add or charge a new offense. The prosecuting officer, in other words, is not permitted to substitute his judgment for that of the committing magistrate. He must look to the commitment alone for his authority to file an information against an accused. In this particular he acts in a mere ministerial capacity, and is restricted to

the crime designated in the commitment or transcript of the magistrate. This particular point seems not to have been heretofore expressly stated by this court. But under similar provision the foregoing rule is definitely stated. People v. Nogiri, 142 Cal. 596, 76 P. 490; State v. Potello, 42 Utah, 396, 132 P. 14; State v. Sheffield, 45 Utah, 426, 146 P. 306; Solice v. State, 21 Ariz. 592, 193 P. 19; State v. McGreevey, 17 Idaho, 453, 105 P. 1047.

The general charge of "assault with intent to kill," as defined in the first part of section 1756, Compiled Stat. 1921, does not include an "assault in resisting legal process," as defined by the latter part of said section. This will appear from a mere cursory reading of said section. In the general charge of assault with intent to kill, as charged in the preliminary complaint, proof of the assault and the essential intent establish the offense. In the charge of assault and battery in resisting the execution of any legal process, as charged in the information and amended information, the proof of the assault and the essential intent does not establish the offense, but in addition there must be an allegation and a proof of the official capacity of the person assaulted, and that he was acting in that capacity by virtue of legal process, and that the assault was in resistance of such process. The combining of these separate offenses in one section of the statute has, no doubt, resulted in confusion, but the offenses nevertheless are different.

We are clearly of the opinion that the offense charged in the complaint upon which the preliminary hearing was had and for which the defendant was held for the district court does not comprehend the offense charged in the amended information upon which the defendant was tried. The defendant, therefore, has not had a preliminary upon the offense for which he was tried. Having raised this objection by timely motion, and submitted proof in support thereof, the trial court should have sustained the motion

and have allowed the defendant a preliminary. A failure to do this was a denial of a constitutional right and is reversible error.

Several other assignments of error are advanced and argued in the briefs, but, as they refer to the proceedings subsequent to the preliminary, such as the sufficiency of the information and the amended information and the sufficiency of the verdict, it is not necessary to consider and discuss them.

For reasons assigned, the case is reversed and remanded.

BESSEY, P. J., and DOYLE, J., concur.