418 P.2d 615

The STATE of Arizona, Appellant,

v.

Donald Ray BRANHAM, Appellee.

2 CA CIV 229.

Court of Appeals of Arizona.
Oct. 7, 1966.
Review Denied Dec. 28, 1966.

Darrell F. Smith, Atty. Gen., James S. Tegart, Asst. Atty. Gen., Phoenix, for appellant.

Johnson & Shaw, by Joseph P. Shaw, Phoenix, for appellee.

HATHAWAY, Judge.

This appeal is brought by the State of Arizona from an order of the superior court, Pinal County, entitled "Order Conditional Writ of Habeas Corpus."

A synopsis of the events which preceded this appeal is as follows: A complaint was entered in Justice Court, Pinetop Precinct

7, Navajo County, Arizona, on June 1, 1964 charging the appellee, hereinafter referred to as defendant, with commission of a felony, first degree burglary. The complaint, in substance, alleged that the defendant did unlawfully and feloniously enter, in the nighttime, a grocery store owned by another, with the intent to commit petty or grand theft.

Defendant was arrested and on June 8, 1964 a preliminary hearing was held following which an order issued holding defendant to answer, which recited in pertinent part:

"I hereby certify that * * * a complaint on oath was made and filed before me * * * charging the above named defendant with having * * * committed a Felony, to wit: Sec. 13–663 A. * *

"It appearing to me that the crime of Section 13–663 A [1] has been committed * * * and that there is probable cause to believe the defendant guilty thereof, I order that Donald Ray Branham be held to answer for the same."

An information was thereupon filed in superior court, Navajo County, by the county attorney accusing the defendant of the crime of first degree burglary, a felony, in violation of A.R.S. § 13–302.

The minute entry record of defendant's arraignment discloses the following: The court fully explained to defendant his right to counsel and the appointment of counsel and that defendant waived the right to counsel. A copy of the information was given to the defendant, the court read it aloud and explained it. The defendant entered a plea of guilty to the charge and the court explained the consequences of the plea, but defendant stated he wanted his plea of guilty to stand.

█ On June 22, 1964, the court found the defendant guilty as charged and sentenced him to a term of not less than seven or more than nine years in the Arizona State Prison.[2]

On December 20, 1965, defendant filed a petition for a writ of habeas corpus in superior court, Pinal County, alleging that his imprisonment was illegal for the reason that "the court did not have jurisdiction over your petitioner."

On January 11, 1966, after a hearing on the allegations of the petition, the court ordered the defendant's discharge from prison upon condition that he post a bond, which condition the defendant has complied with. From this order, the State prosecuted this appeal.

The parties agree that the sole question to be resolved is: When a complaint is filed charging first degree burglary, the defendant after a preliminary hearing is held to answer for grand theft, an information is filed charging first degree burglary as set forth in the complaint, and defendant without objection pleads guilty thereto, has defendant waived the right to object to the information?

Defendant's position is that the superior court lacked "jurisdiction" at the time the defendant pleaded guilty, since the information did not charge the same offense for which the defendant was held to answer. The State's position, on the other hand, is that such disparity was waived by defendant's failure to object prior to his entry of a plea. Neither party to this appeal has cited any authority to us, either pro or con, as to whether such variance deprives the court of jurisdiction to accept a plea.

█ It is well settled in this jurisdiction that the information filed by the prosecuting officer can charge only the offense for which a defendant is held to answer in the order of commitment. Fertig v. State, 14 Ariz. 540, 133 P. 99 (1913); Solice v. State,

1. A.R.S. § 13–663, subsec. A is the statute which defines the acts constituting grand theft.

2. Reference is made in appellee's brief to an appeal taken to this court from this judgment and sentence which was subsequently dismissed and we are requested to take judicial notice of our records. Our records disclose no such appeal, and we cannot take judicial notice of the records of the Supreme Court. Patch v. Buros, 2 Ariz.App. 585, 410 P.2d 703 (1966).

21 Ariz. 592, 193 P. 19 (1920); Duke v. State, 49 Ariz. 93, 64 P.2d 1033 (1937); 17 A.R.S. Rules of Criminal Procedure, Rule 80.

The requirement of Rule 80, supra, that the information shall charge the offense "set forth in the order holding the defendant to answer" must be interpreted in the light of Rule 79 which provides:

"No information may be filed against any person for any offense which may be punished by death or imprisonment in the state prison until such person has or waives a preliminary examination. The fact that a preliminary examination was neither had nor waived shall in no case invalidate any information in any court unless the defendant objects to such information because of such fact before pleading to the merits."

When the rules are read together, it is apparent that the purpose of the Rule 80 requirement is to protect the defendant's constitutional guarantee of a preliminary examination before felony prosecution by information, unless such right has been waived. See Article 2, Section 30, Arizona Constitution, A.R.S. Filing an information charging an offense different from the one for which a defendant has been held to answer operates to deprive a defendant of a preliminary examination as to the charged offense. A timely motion for a preliminary hearing would entitle a defendant to be granted one, Payne v. State, 30 Okl.Cr. 218, 235 P. 558 (1925), and noncompliance with Rule 79 renders an information vulnerable to a motion to quash. 17 A.R.S. Rules of Criminal Procedure, Rule 169; State v. Essman, 98 Ariz. 228, 403 P.2d 540 (1965); State v. Lubetkin, 78 Ariz. 91, 276 P.2d 520 (1954). We hold, therefore, that the defect in the information filed against the defendant did not render it void but merely voidable, subject to be set aside on motion timely made. See People v. Lepori, 35 Cal.App. 60, 169 P. 692, 694 (1917).

The defendant, however, failed to object to the information prior to pleading thereto. Any objection to the information based on noncompliance with Rule 79, supra, must be made prior to entry of a plea or such noncompliance does not affect the validity of the information. Just as late filing of an information contra to the mandate of Rule 80, supra, does not go to the basic jurisdiction of the court so as to void everything that might follow, State v. Sheppard, 2 Ariz.App. 242, 244, 407 P.2d 783 (1966), the filing of an information charging an offense different from the offense set forth in the order of commitment does not void the subsequent proceedings.

Having failed to present his objections to the trial court before pleading on the merits of the information, defendant waived his right to claim error in the proceedings. Application of Vigileos v. State, 84 Ariz. 404, 408, 330 P.2d 116 (1958); State v. Lubetkin, supra.

For the reasons herein expressed, the order granting the writ of habeas corpus is hereby set aside and the lower court is instructed to proceed in accordance with this decision to accomplish the return of the defendant to the Arizona State Prison to complete the term of his sentence.

KRUCKER, C. J., and MOLLOY, J., concur.