**Paul Rod RAMIREZ, Petitioner,**

v.

**STATE OF ARIZONA, Frank A. Eyman, Warden, Arizona State Prison, et al., Respondents.**

No. 25978.

United States Court of Appeals, Ninth Circuit.

Jan. 6, 1971.

Rehearing Denied Feb. 15, 1971.

Paul Rod Ramirez, in pro. per.

Gary K. Nelson, Ariz. Atty. Gen., Thomas M. Tuggle, Asst. Atty. Gen., Phoenix, Ariz., for respondents.

Before BROWNING, HUFSTEDLER, and TRASK, Circuit Judges.

PER CURIAM:

Ramirez appeals from an order denying his petition for a writ of habeas corpus in which he attacked the validity of his Arizona conviction for grand theft.

Ramirez was initially charged with robbery. After his preliminary hearing, an amended information was filed in which the robbery charge was dropped and grand theft was substituted. Ramirez, who was represented by counsel, entered a plea of guilty to the amended information. He contends that the Arizona court did not have jurisdiction to accept his plea and to sentence him, because he had not had a preliminary hearing upon the charge of grand theft. The Federal Constitution does not secure to a state court defendant a right to a preliminary hearing. (Pearce v. Cox (10th Cir. 1965) 354 F.2d 884, cert. denied sub nom. Charlton v. Cox

(1966) 384 U.S. 976, 86 S.Ct. 1869, 16 L.Ed.2d 685.) Moreover, under Arizona law, the filing of an information charging an offense different from that to which a defendant had been held to answer is not a jurisdictional defect, and the error is waived if timely objection is not made. (State v. Branham (1966) 4 Ariz.App. 185, 418 P.2d 615.) Hence, Ramirez' guilty plea waived the procedural defects, if any, of which he complains. (Pearce v. Cox, *supra*; *see also* North Carolina v. Alford (1970) 400 U. S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162.)

■■ His second contention is that the Arizona court erred in imposing a sentence in this case consecutive to a prior sentence on a different conviction. Cumulation of sentences is a matter of state policy. Ramirez' attack on his sentencing raises no federal question. (Johnson v. Beto (5th Cir. 1967) 383 F. 2d 197, cert. denied (1968) 393 U.S. 868, 89 S.Ct. 153, 21 L.Ed.2d 136.)

The order is affirmed.