309 P.2d 230

STATE of New Mexico, Plaintiff-Appellee,

v.

Eugenio CHACON, Defendant-Appellant.

No. 6118.

Supreme Court of New Mexico.

March 28, 1957.

Donald A. Martinez, Las Vegas, for appellant.

Richard H. Robinson, Atty. Gen., Paul L. Billhymer, Harry E. Stowers, Jr., Asst. Attys. Gen., for appellee.

SADLER, Justice.

The defendant as an appellant before this Court has asked the review of an order of the district court of Guadalupe County revoking a suspended sentence given him on a plea of guilty to the charges of burglary and grand larceny contained in a criminal complaint theretofore filed against him.

On July 6, 1954, a document designated "Criminal Complaint" was filed in the district court of the Fourth Judicial District sitting within and for the County of

Guadalupe, State of New Mexico. The complaint contained two counts, the first of which charged burglary by the breaking and entering in the night time of a shop known as Jack's Cafe with intent to commit the crime of larceny therein. The second count charged the defendant with grand larceny in stealing and carrying away whiskey and gin of the value of $50 and $4 in good and lawful money of the United States, the property of Jim Coikas and Jack Coikas.

Thereafter, on to wit, July 10, 1954, the defendant was duly arraigned, and accompanied by his attorney, the criminal complaint mentioned was read to him and he thereupon entered his plea of guilty, as charged, to the offenses charged in the complaint. Whereupon, being asked if he had anything to say why judgment should not be pronounced upon him and answering that he did not, he entered a plea of guilty to the offenses charged and was duly sentenced to the state penitentiary for a period of time not less than 1 year nor more than 18 months.

Thereupon, and simultaneously with the sentence so pronounced upon him, the court suspended the same upon the condition that, if within the period of ten years thereafter, he should violate any of the criminal laws of the State of New Mexico and the fact was brought to the attention of the court · in a proper proceeding at which the defendant was present, and the court was satisfied he had violated one or more of the criminal laws of the state, then the suspension granted him above, as aforesaid, would be set aside and revoked and the defendant would have to serve the sentence so pronounced upon him.

Thereafter, on January 25, 1956, there was filed in the office of the clerk of the district court of Guadalupe County, in the same cause in which the defendant had been theretofore sentenced, a motion to revoke the suspended sentence theretofore pronounced upon him. This, by reason of the fact the defendant had violated the terms and conditions of the suspended sentence theretofore granted him by taking, stealing and carrying away personal property belonging to one Richard Beauford of a value in excess of $50. The motion went on to allege that a criminal information charging this subsequent grand larceny by defendant was on file in said district court. Accordingly, the prayer of the motion was that the sentence theretofore suspended be revoked and set aside and the defendant ordered to serve out the sentence so imposed upon him following his plea of guilty to the earlier charges.

Within a few days after the filing of the motion to revoke the suspended sentence mentioned and on, to wit, the 3rd day of February, 1956, the defendant by his attorney filed in the cause a motion to vacate the judgment and sentence of the

court theretofore entered on defendant's plea of guilty and to quash the criminal complaint upon which such charges were based. The grounds of the motion were (1) that the criminal complaint was insufficient to give the court jurisdiction in failing to meet the requirements of 1953 Comp. § 41–1–2, having been subscribed by one Jose Marquez, Jr., as sheriff of Guadalupe County, New Mexico, upon information and belief; (2) that the criminal complaint was insufficient to invoke the jurisdiction of the court in that the crime(s) charged therein purported to be in each case a felony and such as could be prosecuted only upon indictment or presentment by a grand jury, or by an information filed by the district attorney, attorney general, or their deputies, as required by art. II, § 14, N.M. Constitution; and (3) that the criminal complaint making the original charges against defendant was insufficient to invoke the jurisdiction of the court in that the same was a mere affidavit filed and presented by a person having no authority to prosecute for and in behalf of the State of New Mexico.

In due season and on, to wit, the 8th day of February, 1956, the court entered and filed its order giving the chronology of the proceedings against defendant up to that point, finding, formally, that the defendant had violated the terms and conditions of his suspended sentence by committing another act of grand larceny and closing the order as follows:

"Now, it is ordered by the court that the clerk of this court be and he is hereby ordered to issue commitment in said cause No. 1605, committing the said Eugenio Chacon to serve a term in the state penitentiary of the State of New Mexico of not less than one year nor more than eighteen months."

The order so entered was dated February 3, 1956, and filed of record on the 8th day of February, thereafter. It is from this order that the defendant prosecutes his appeal, seeking a revision and correction thereof.

While counsel for defendant advances four separate challenges to sufficiency of the accusation filed against him upon which he was first sentenced, entitled a "criminal complaint," we shall pass upon only one of them, since it will dispose of the appeal. It is discussed under his Point II in the Brief in Chief. It reads as follows:

"The criminal complaint herein did not constitute a formal or sufficient accusation and did not meet the requirements of Article II, Section 14, New Mexico Const."

We are compelled to agree with defendant that the "criminal complaint" upon which he was first sentenced in the

district court failed to meet the requirements of art. II, Const. § 14, thereby denying the court jurisdiction to accept the guilty plea and impose sentence upon him. The constitutional guaranty invoked, next above, reads:

"No person shall be held to answer for a capital, felonious or infamous crime unless on a presentment or indictment of a grand jury or information filed by a district attorney or attorney general or their deputies, except in cases arising in the militia when in actual service in time of war or public danger. No persons shall be so held on information without having had a preliminary examination before an examining magistrate, or having waived such preliminary examination."

▉ The weight of authority under constitutional provisions similar to ours holds compliance with its terms is mandatory and may not be made the subject of waiver. See 14 Am.Jur. 848, § 119, "Criminal Law"; Annotation, 61 A.L.R. 802; Smith v. Abram, 58 N.M. 404, 271 P.2d 1010; Ex Parte McClusky, C.C., 40 F. 71; Kossin v. U. S., 6 Cir., 235 F.2d 188; Albrecht v. United States, 273 U.S. 1, 47 S.Ct. 250, 71 L.Ed. 505; Payne v. State, Ark., 295 S.W.2d 312; Harris v. State, 7 Terry Del. 111, 82 A.2d 387; Davis v. Warden of Maryland Penitentiary, 211 Md. 617, 125 A.2d 674; State v. Straughan, 229 La. 1036, 87 So.2d 523; State ex rel. Cave v. Tincher, 258 Mo. 1, 166 S.W. 1028; People v. Mavis, Sup., 154 N.Y.S.2d 220. Compare, Serna v. Swope, in cause docketed as No. 5937, where in an unreported habeas corpus proceeding the prisoner was discharged by order because of fatal defect in the initiation of proceedings.

We realize there are constitutional guaranties no less mandatory in form and character than this one which may be made the subject of waiver as, for instance, the right to trial by jury which, nevertheless, may be waived. State v. Hernandez, 46 N.M. 134, 123 P.2d 387; or, the right to be represented by counsel. State v. Garcia, 47 N.M. 319, 142 P.2d 552, 149 A.L.R. 1394.

In each of these cases, however, certain safeguards are to be observed to give assurance the waiver is genuine. The test seems to be whether the right guaranteed is deemed personal to the accused, in the nature of a privilege, to be claimed by him for his protection and benefit, if he choses, subject to proper safeguards, as indicated above, State v. Hernandez, supra; State v. Garcia, supra; or, one in which the public interest predominates, and to be enforced in the public good in all cases, irrespective of an accused's personal views and wishes. Ex parte McClusky, supra; Harris v. State, supra; State v. Straughan, supra. As said by the court in Ex parte McClusky, supra [40 F. 72]:

"The first question is, could these petitioners be pronounced guilty of the crime of larceny, and sentenced to imprisonment for said crime, without being first charged with the crime by an indictment preferred by a legal grand jury? Second. If this is a fundamental requisite, is the right to insist upon its being complied with one that may be waived by a party, and is it waived by a plea of guilty to a charge of larceny presented by an information?

\* \* \* \* \* \*

"Can a party waive the right to be charged by indictment or presentment; and if so, is his plea of guilty to a charge contained in an information not authorized by the law a waiver of his right to be accused by an indictment? A party cannot waive a constitutional right when its effect is to give a court jurisdiction. Hawes, Jur. §§ 11, 12. The fifth amendment to the constitution, that no person shall be held to answer for a capital or otherwise infamous crime unless on a presentment or indictment of a grand jury, provides for a requisite to jurisdiction. Ex parte Bain, 121 U.S. 1, 7 S.Ct. 781, [30 L.Ed. 849]; Parkinson v. U. S., 121 U.S. 281, 7 S.Ct. 896 [30 L.Ed. 959]. If the crime is of such a nature that an indictment to warrant a prosecution of the crime is required by the law, the court has no jurisdiction to try without such indictment. Can a party consent to jurisdiction? Can he, by an agreement with the government, surrender his liberty for a stipulated time? Has any person the right to surrender his liberty in violation of a fundamental right, secured to him for the protection of the liberty of such person by the fifth amendment to the constitution of the United States? No man or no power has the right to take away another's liberty, even though with consent, except by due process of law. Due process of law, in a case like the one charged against petitioners, means compliance by the government with a fundamental requisite, such as that the party shall be charged with the crime in the way provided by the constitution and laws of the United States. Liberty, under such constitution and laws, is an inalienable prerogative, of which no man by mere agreement can divest himself. Any divestiture not occurring by due process of law is null. \* \*."

In Smith v. Abram, supra [58 N.M. 404, 271 P.2d 1015], we expressed views in line with the conclusions here reached, by stating:

"That a person may not be punished for a crime without a formal and sufficient accusation even if he voluntarily submits to the jurisdiction of the court cannot be questioned. Such is the un-

disputed law in all jurisdictions; but here as will be observed from reading § 14 of Article *2 of* the Constitution requires the filing of a 'formal accusation. * * *"

It is worthy of note that when we reached the point in this state of readiness to supply as an aid to greater convenience in prosecuting crimes the use of informations, our legislature deemed it desirable if, indeed, not necessary, to do so by submitting a constitutional amendment. Art. II, Const. § 14, was amended in 1923 to permit the use of informations as well as indictments to initiate prosecutions for capital, *felonious or infamous* crimes. See, L.1923, p. 351, Proposed Constitutional Amendment No. 3.

Prior to this amendment to art. II, Const. § 14, however, and in the Constitution, as adopted, the view of its framers on this question of waiver is reflected by art. XX, Const. § 20, reading:

"Any person held by a committing magistrate to await the action of the grand jury on a charge of felony or other infamous crime, may in open court with the consent of the court and the district attorney, to be entered upon the record, waive indictment and plead to an information in the form of an indictment filed by the district attorney, and further proceedings shall then be had upon said information with like force and effect as though it were an indictment duly returned by the grand jury."

The permissive use even of an information, thus was surrounded by so many safeguards as to render it unlikely the framers could have contemplated the requirements of art. II, Const. § 14, could be waived otherwise than by the proviso last above quoted.

We are unable to escape the conclusion that the defendant's sentence was imposed without jurisdiction in the court, due to lack of a proper charge against him. Fortunately, time remains within which a proper proceeding still may be brought against him, for one, or both, of the offenses disclosed by the record before us, as to the district attorney may seem advisable. Certainly, if *guilty, the defendant should not go unpunished.*

It follows from what has been said that the order reviewed is erroneous and must be reversed and the cause remanded for further proceedings in conformity with the views hereinabove expressed.

It is so ordered.

LUJAN, C. J., and McGHEE, COMPTON and KIKER, JJ., concur.