639 P.2d 593

**STATE of New Mexico,**
**Plaintiff-Appellee,**

v.

**Bryan McCRARY and Bart Dewayne Burdick, Defendants-Appellants.**

**No. 5347.**

Court of Appeals of New Mexico.

Jan. 7, 1982.

W. Gilbert Bryan, Bryan & Francoeur, Hobbs, for defendant-appellant McCrary.

M. J. Collopy, Hobbs, for defendant-appellant Burdick.

Jeff Bingaman, Atty. Gen., Barbara F. Green, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WOOD, Judge.

Is a prosecutor (in this case, an assistant district attorney), authorized to charge first degree murder in an information based on a magistrate's bind-over order for trial on second degree murder? No. We discuss (1) the applicability of *State v. Melendrez*, 49 N.M. 181, 159 P.2d 768 (1945); and (2) authority to charge.

The criminal complaint against each defendant charged murder in violation of § 30–2–1, N.M.S.A.1978. After a preliminary examination was held, the magistrate bound over each defendant for trial in the district court on the charge of "2nd Degree Murder or lesser Offense". The prosecutor filed informations charging each defendant with murder in the first degree. Each defendant moved that the first degree murder charge be stricken from the information or, in the alternative, that the information be dismissed. After the cases were consolidated, the motions were denied. We granted an interlocutory appeal.

*State v. Melendrez*

In *Melendrez*, the criminal complaint charged " 'Assault With Intent to Kill' ". After the preliminary examination, the justice of the peace issued a commitment (bind-over order) holding Melendrez on a charge of " 'Assault With Intent to Murder and/or Maim' ". The district attorney filed an information in two counts. Count I charged " 'Assault With Intent to Murder' "; Count II charged " 'Assault With Intent to Maim.' " Melendrez was convicted of Count I. On appeal, he contended that under N.M.Const., art. II, § 14 and New Mexico statutes,

the information filed by the district attorney must substantially charge the crime stated in the complaint filed with the justice of the peace ... or one which is included or embraced within it, and further contends that in case the crime charged in the information is not the one stated in the complaint ... or one included therein, the district court cannot over the objection of the defendant, legally proceed to try him for the offense charged in the information[.]

\* \* \* \* \* \*

It appears that there are three views, influenced no doubt by the statutes of the various jurisdictions.

1. The information must conform to the preliminary proceedings and charge an offense which is substantially the same as, or which is included in, that disclosed by the preliminary examination. [Hereinafter View No. 1.]

2. On the other hand, some authorities require the information to conform with the complaint filed in the magistrate's court. [Hereinafter View No. 2.]

3. Still other authorities require the information to conform with the commitment or order holding the accused to answer. [Hereinafter View No. 3.]

\* \* \* \* \* \*

[W]e think the ... view numbered 3, supra, is the more reasonable and acceptable view under our statutes, and without expressing an opinion as to whether some

other degree of conformity between the preliminary proceedings and the information will suffice, we hold that on the present record, where the crime charged in the complaint in the magistrate's court is kindred to that to which the accused is held to answer in a preliminary examination otherwise sufficient, and the information is in substantial accord with the magistrate's commitment, the district court committed no reversible error in overruling the legal exceptions to the proceedings mentioned in the early part of this opinion.

Defendants rely on the statement in *Melendrez* that View No. 3 is the "more reasonable and acceptable view under our statutes".

The State points out that defendants overlook another statement in *Melendrez*:

Whether it could be reasonably contended that the district attorney ... might file an information charging an offense not named in the commitment [bind-over order] but supported by the evidence thus appearing to have been adduced at the preliminary examination is a question we do not decide.

Our view of *Melendrez* is:

1. The question to be decided was whether the preliminary examination was "sufficient to afford due process of law as a condition preliminary to the exercise of the power vested in the district attorney" to file an information. Considering the kindred relationship between the complaint, the bind-over order and the information, there was no violation of due process.

2. View No. 2 was rejected. "[W]e do not think the decision of the prosecuting officers in the matter of the charge to be stated in information filed by them is limited by the single factor of the charge set forth in the complaint filed in the preliminary proceedings."

3. Although View No. 3 was "more reasonable and acceptable", the validity of View No. 1 was not decided.

*Melendrez* considered the relationship between the complaint, the bind-over order and the information in deciding a due process issue. This case does not involve the relationship of the complaint either to the bind-over order or to the information; this case involves the relationship of the bind-over order to the information. This case does not present a due process issue; the issue is the prosecutor's authority to file an information charging first degree murder when the bind-over order was for second degree murder. *Melendrez* does not answer that issue; *Melendrez* will be referred to subsequently because it provides guidance in deciding the issue presented.

*Authority to Charge*

The district attorney has no common law powers; "The constitution and statutes clearly prescribe and delimit his authority." *State v. Reese*, 78 N.M. 241, 430 P.2d 399 (1967); see *Candelaria v. Robinson*, 93 N.M. 786, 606 P.2d 196 (Ct.App.1980).

Wisconsin, without reference to any constitutional limitation, has held that the charge in the information is not limited by the bind-over order. *Hobbins v. State*, 214 Wis. 496, 253 N.W. 570 (1934), states:

Section 355.17, Stats., provides that the district attorney may file any information "setting forth the crime committed, according to the facts ascertained on such (preliminary) examination and from the written testimony taken thereon, whether it be the offense charged in the complaint * * * or not."

Section 361.18, Stats., provides that the magistrate shall commit or bind the defendant for trial "if it shall appear that an offense has been committed and that there is probable cause to believe the prisoner guilty."

These statutes refute the contention of defendant upon this assignment of error. The district attorney in filing his information is not limited by the complaint. [Citations omitted.] Nor is he limited by the opinion of the magistrate as to the offense committed. Section 361.18, Stats., states the power of the magistrate and impliedly the limitation of his power. If it appears that any offense has been committed and that the defendant is

probably guilty of any offense, he must hold the defendant for trial. That is all he is authorized to do. He is not authorized to restrict the action of the district attorney in filing an information or to limit the power of the circuit court in determining for what offense or upon what specific charges the defendant shall be tried. Cases from other jurisdictions having no such statutes as above cited are entirely pointless. The plea in abatement was rightly overruled.

New Mexico does not have a statute similar to quoted Wisconsin statute § 355.17. Historically, New Mexico has never had a similar statute. Compare N.M.Code 1915, §§ 1857–1876; N.M.S.A.1929, §§ 35–4401 through 35–4428 and 105–2201 through 105–2235; N.M.S.A.1941, §§ 42–301 through 42–316 and 42–601 through 42–652; N.M.S.A.1953 (2d Repl. Vol. 6), §§ 41–3–1 through 41–3–14 and 41–6–1 through 41–6–52. New Mexico Const., art. II, § 14, authorizes the district attorney to file an information, but there is neither statute nor rule prescribing or delimiting the district attorney's authority in filing an information.

New Mexico has, and has had, provisions similar to quoted Wisconsin statute § 361.-18. See the statutes discussed in *Melendrez*. Current R.Crim.Proc., Magis. Cts., 15(c) states: "If the court finds that there is probable cause to believe that the defendant committed an offense not within magistrate court trial jurisdiction, it shall bind the defendant over for trial." Compare R.Crim.Proc. 20(c). *Melendrez* points out that "an offense" does not mean the offense charged in the complaint but "the offense found by the magistrate as a result of the preliminary examination to have been committed by the prisoner." We agree with *Hobbins v. State*, supra, when it states the magistrate is not authorized to restrict the action of a district attorney in filing an information; that, however, is not the question. The question is the district attorney's authority, not a restriction on that authority by a magistrate.

California, on the basis of a constitutional provision and a statute, has held, with certain restrictions, that the charge in the information is not limited by the bind-over order. *Jones v. Superior Court of San Bernardino County*, 4 Cal.3d 660, 94 Cal.Rptr. 289, 483 P.2d 1241 (1971). The State suggests we adopt the California view. We cannot do so for two reasons. First, we do not have a similar statute. Second, our constitutional provision differs from the wording of the California constitutional provision. Compare N.M.Const., art. II, § 14 with the California provision quoted in *Jones*, supra. The California provision "is not expressed in the negative or prohibitive form." See *State v. McGreevey*, 17 Idaho 453, 105 P. 1047 (1909). New Mexico's provision, quoted hereinafter, is expressed in the negative or prohibitive form.

The district attorney's authority in filing an information is the authority conferred by N.M.Const., art. II, § 14. The State suggests that authority includes filing an information on the basis of the evidence at the preliminary examination. Thus the State asks us to adopt View No. 1, stated in *Melendrez*. The *Melendrez* court characterized View No. 3, rather than View No. 1, as the more reasonable and acceptable view. View No. 1 raises problems from the point of view of good judicial administration because there would be factual problems as to whether the charge in the information did have support in the evidence at the preliminary examination. Compare *Jones v. Superior Court of San Bernardino County*, supra. An evidentiary hearing in the district court as to the factual validity of the charge in the information is not an attractive concept. Our answer, however, is not based on judicial administration concepts, but on the meaning of N.M.Const., art. II, § 14.

A person may not be punished for a crime without a formal and sufficient accusation. *State v. Chacon*, 62 N.M. 291, 309 P.2d 230 (1957). Prior to the amendment of N.M. Const., art. II, § 14, effective January 1, 1925, the pertinent portion of that provision read:

No person shall be held to answer for a capital, felonious or infamous crime unless on a presentment or indictment of a grand jury, except in cases arising in the militia when in actual service in time of war or public danger.

The permissible use of an information was stated in N.M.Const., art. XX § 20, which read:

Any person held by a committing magistrate to await the action of the grand jury on a charge of felony or other infamous crime, may in open court with the consent of the court and the district attorney, to be entered upon the record, waive indictment and plead to an information in the form of an indictment filed by the district attorney, and further proceedings shall then be had upon said information with like force and effect as though it were an indictment duly returned by the grand jury.

*State v. Chacon*, supra, states:

It is worthy of note that when we reached the point in this state of readiness to supply as an aid to greater convenience in prosecuting crimes the use of informations, our legislature deemed it desirable if, indeed, not necessary, to do so by submitting a constitutional amendment.

After the amendment, effective January 1, 1925, the pertinent portion of N.M.Const., art. II, § 14, read:

No person shall be held to answer for a capital, felonious or infamous crime unless on a presentment or indictment of a grand jury *or information filed by a district attorney or attorney general or their deputies*, except in cases arising in the militia when in actual service in time of war or public danger. *No person shall be so held on information without having had a preliminary examination before an examining magistrate, or having waived such preliminary examination.* [The emphasized language was added by the amendment.]

*Melendrez* states:

It must be assumed that when the constitutional amendment was proposed in 1923 and adopted at the election held November 4, 1924, providing that punishment of capital, felonious or infamous crimes might be presented by information filed by the district attorney or the attorney general or their deputies, provided the person informed against had previously had a preliminary examination before an examining magistrate, the preliminary examination and the relation of the state's attorneys thereto were understood to be such as were then in vogue under existing laws of the state. See *Chase v. Lujan*, 48 N.M. 261, 149 P.2d 1003.

The state of the law at the time of adoption of the amendment was that the district attorney could not prosecute a felony charge by information except as provided by N.M.Const., art. XX, § 20.

The issue is the extent of the authority conferred upon the district attorney, by the amendment to N.M.Const., art. II, § 14, to prosecute by information.

Considering a constitutional provision similar to the New Mexico amendment, Arizona held "that the information filed by the prosecuting officer can charge only the offense for which a defendant is held to answer in the order of commitment." *State v. Branham*, 4 Ariz.App. 185, 418 P.2d 615 (1966); see *Fertig v. State*, 14 Ariz. 540, 133 P. 99 (1913).

*State v. McGreevey*, supra, states:

After an examination of the various constitutional and statutory provisions of the different states on this subject, and the constructions placed upon them by the highest courts of the states, we conclude that the general and prevailing opinion is to the effect that where the statute or Constitution says that "no information shall be filed against any person until such person shall have had a preliminary examination," or until "after a commitment by a magistrate," such provision has the effect of prohibiting the filing of an information for any other offense than that for which the accused was held by the committing magistrate.

Such is clearly and unmistakably the meaning and intent of our constitutional provision. It was undoubtedly the intention of the constitutional convention, when inserting the clause "after a commitment by a magistrate," in section 8 of the Bill of Rights, to prohibit the trial of any person for a felony or other offense, not cognizable by a probate or justice court, until after he had been accorded a preliminary examination and been committed to answer therefor by the committing magistrate. It was intended by this prohibition to accord every accused person a hearing before a committing magistrate on the particular offense for which he was subsequently to be tried on information of the public prosecutor. It was likewise intended that the "probable cause" for informing against the defendant and putting him on trial in the district court should first be found by the magistrate. The act of preparing the information was left to the prosecutor, and is a ministerial act the same as if he were preparing an indictment or presentment for the grand jury....

The authorities all agree that no formal or detailed charge or description of the offense is necessary in the complaint before the magistrate, and that all that is required is a general description or designation of the offense, so that the defendant may be given a fair opportunity to know, by a proffered preliminary examination, the general character and outline of the offense for which he is to have an examination. [Citations omitted.] It is also true that a preliminary examination on the charge of murder necessarily includes all the degrees of murder and manslaughter as well. An examination for the greater offense would include the lesser offenses which are necessarily and as a matter of law included within the offense named and charged. So in this case the examination on the charge of murder included the charge of manslaughter, and it was within the power of the magistrate to hold the defendant for manslaughter; but it was not within the power or authority of the prosecutor to file an information under that commitment for a higher or different offense than that for which he was committed.

California, with a differently worded constitutional provision, has taken several positions on the issue. *Jones v. Superior Court of San Bernardino County*, supra, is the current position. The changes in position appear in law review comments cited in *Melendrez*; those comments are at 18 Cal. L.Rev. 324 (1929–30) and 19 Cal.L.Rev. 330, 645 (1930–31).

18 Cal.L.Rev. 324, 326, states:
The notion has been prevalent in the cases that the constitutional or statutory guaranty of a preliminary examination and commitment before informations for felony may be filed was intended as a limitation on the prosecutor; that it was intended to take the place and perform the function of presentment by a grand jury; that therefore the magistrate has exclusive power to designate the offense for which the accused is to be tried. Thus ... the prosecutor could not go outside the committing order in designating the offense in the information. [Citations omitted.] ... it should be observed that there are cases ... which use language to the effect that it is permissible for the prosecutor to charge the offense "according to the evidence disclosed at the preliminary examination." [Citations omitted.] This has been thought by some to allow the prosecutor to charge an entirely distinct offense from that charge by the magistrate. 1 CODE OF CRIMINAL PROCEDURE (Am.L.Inst.1928) 359. But the cases using such language are always careful to limit or qualify it with the statement that the prosecutor cannot charge an entirely distinct offense. The cases will thus allow the prosecutor some leeway in filing his information. He will not be held rigidly to the exact language used by the magistrate, but may alter the time, means, circumstances or the persons or things injured, as long as he charges substantially the same offense as that charged by the magistrate. Thus the prosecutor may charge

robbery of *A*, although the magistrate charged robbery of *B*. But the prosecutor cannot charge rape when the committing order charges murder. This qualification allows the prosecutor to vary the charge in minor details to meet all possible evidence that may be adduced at the trial. For a very clear statement of the distinction see *Payne v. State* (1924) 30 Okl.Cr. 218, 235 Pac. 558, 559.

 The above discussion points out that View No. 1 in *Melendrez* is a limited one; that the evidence at the preliminary examination may be utilized by the prosecutor to make changes in detail, but the evidence may not be utilized to charge an offense different from that designated in the bind-over order; the information must charge substantially the same offense as that charged by the magistrate.

View No. 3 in *Melendrez* is that the information must conform with the order holding the accused to answer. Not only is this view "the more reasonable and acceptable", *Melendrez*, supra, N.M.Const., art. II, § 14, limits the authority of the district attorney, in charging a felony by information, to this view.

Because the informations were based on a preliminary examination resulting in a bind-over order for second degree murder, the assistant district attorney lacked authority to file an information charging first degree murder.

The order denying defendants' motions is reversed; the cause is remanded with instructions to strike the first degree murder charge from the informations.

IT IS SO ORDERED.

HENDLEY and LOPEZ, JJ., concur.