**Certiorari Denied, January 9, 2014, No. 34,458**

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**Opinion Number: 2014-NMCA-023**

**Filing Date: November 18, 2013**

**Docket No. 31,814**

**STATE OF NEW MEXICO,**

**Plaintiff-Appellee,**

**v.**

**STEVEN PEREZ,**

**Defendant-Appellant.**

**APPEAL FROM THE DISTRICT COURT OF CHAVES COUNTY**
**Ralph D. Shamas, District Judge**

Gary K. King, Attorney General
Corinna Laszlo-Henry, Assistant Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Will O'Connell, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**OPINION**

**BUSTAMANTE, Judge.**

**{1}** Defendant appeals from his conviction by a jury of criminal sexual penetration in the fourth degree. Defendant's primary argument is that, because the magistrate judge's probable cause determination at a preliminary hearing rested on no more than judicial notice of testimony from a prior hearing, no proper felony prosecution was initiated against him. We recognize that there are serious problems with the magistrate judge's reliance on prior

1

testimony to determine probable cause. Nevertheless, we decline to reverse on this basis because, under *State v. Bent*, there is no adequate remedy for such errors after a trial on the merits. 2012-NMSC-038, 289 P.3d 1225. Finding no other reversible error, we affirm.

**DISCUSSION**

**{2}** Defendant makes two arguments on appeal. First, he contends that because "the procedure used [to initiate prosecution] did not follow the requirements for bringing a felony charge" the district court never gained jurisdiction and the conviction must be reversed. Second, he maintains that "the [district] court erred in permitting the State to call, as a rebuttal witness, an undisclosed witness who had watched the trial as an observer, contrary to Rule 11-615 NMRA." We address these arguments in turn and incorporate the facts of the case as necessary to each.

**I.      Initiation of the Charges**

**{3}** Defendant was charged by criminal complaint. No witnesses testified at the preliminary hearing as to the present charge. Instead, the State referred to and offered the victim's prior testimony that she had consensual sex with Defendant. That testimony was given at a previous hearing before the same magistrate pertaining to a different charge against Defendant. The State also referred to and offered the testimony of a detective who testified at the earlier hearing that Defendant had admitted to the physical relationship. Over objection by defense counsel, the magistrate agreed to take judicial notice of the offered testimony. Based solely on the judicially-noticed testimony, the magistrate issued a determination of probable cause.

**{4}** Defendant argues that, because it was improper for the magistrate to take judicial notice of testimony in an earlier hearing on different charges, he was deprived of his right to a properly conducted preliminary hearing and, therefore, his conviction should be reversed. *See* Rule 11-201(B) NMRA. Even if judicial notice of prior testimony was error, however, we affirm Defendant's conviction because, at this point in the proceedings, there is no remedy for the error in the preliminary hearing. *Bent*, 2012-NMSC-038, ¶ 21.

**{5}** In *Bent*, the defendant was indicted by a grand jury whose statutorily defined term had allegedly expired. The defendant in *Bent* was convicted after a trial on the merits. *Id.* ¶¶ 3, 8. On appeal, the defendant in *Bent* argued that the indictment issued by the grand jury was void given that its term had expired and, therefore, his prosecution was never properly initiated. *Id.* ¶ 6. The Supreme Court assumed without deciding that the grand jury's term had expired and focused instead on "whether a procedural, statutory error in the grand jury proceedings . . . can be raised and decided *after* a petit jury has already found [the d]efendant guilty." *Id.* ¶ 13. The Court stated that "we must assume that the quantum of evidence against [the d]efendant, having been enough to establish guilt beyond a reasonable doubt, is more than adequate to establish probable cause merely to accuse [the d]efendant." *Id.* ¶ 18. It therefore "recognize[d] a prudential limit on the exercise of [its] appellate

2

jurisdiction" and stated that "reversal . . . after a guilty verdict[] would accomplish little because, based on this record, probable cause exists to bring these same charges against [the d]efendant." *Id.* ¶¶ 15, 18.

**{6}** Like in *Bent*, Defendant here proceeded to trial without challenging the preliminary hearing and his case was decided on the merits—Defendant was found guilty of committing the crime beyond a reasonable doubt by a jury of his peers. Had Defendant challenged the preliminary hearing—after the hearing but before trial—by interlocutory appeal to this Court or extraordinary writ to the Supreme Court, the issue of the propriety of the magistrate's taking of judicial notice might have been ripe for determination on the merits. *See id.* ¶ 15; *State v. McCrary*, 1982-NMCA-003, ¶ 2, 97 N.M. 306, 639 P.2d 593 (accepting interlocutory appeal of district court's denial of the defendant's motion to dismiss the information after a preliminary hearing). But "[a]t this point in the proceedings—post-conviction—there is simply no adequate remedy available for [the d]efendant." *Bent*, 2012-NMSC-038, ¶ 21. In other words, "there comes a point, as a practical matter, when issues with the [probable cause determination] can no longer be remedied." *Id.* ¶ 28. *See United States v. Mechanik*, 475 U.S. 66, 67 (1986) ("We believe that the petit jury's verdict of guilty beyond a reasonable doubt demonstrates *a fortiori* that there was probable cause to charge the defendants with the offenses for which they were convicted. Therefore, the convictions must stand despite the [Federal Rule of Criminal Procedure 6(d)] violation."). This is one of those times.

**{7}** Defendant argues that *Bent* does not control this issue because "in New Mexico a felony must be initiated by an indictment or information, or if not, the court does not acquire jurisdiction over the case." 2012-NMSC-038, ¶ 34; N.M. Const. art. II, § 14 ("No person shall be held to answer for a capital, felonious[,] or infamous crime unless on a presentment or indictment of a grand jury or information . . . . No person shall be so held on information without having had a preliminary examination before an examining magistrate, or having waived such preliminary examination."). He relies on *State v. Chacon* for the proposition that a defective preliminary hearing violates Article II, Section 14 of the New Mexico Constitution, and thus the district court never acquired jurisdiction over his case. *Chacon*, 1957-NMSC-030, 62 N.M. 291, 309 P.2d 230. *Chacon* does not apply here, however, because the error in this case was procedural, not jurisdictional. We explain.

**{8}** In *Chacon*, the state filed only a criminal complaint; no indictment or information was filed. *Id.* ¶ 2. The defendant pled guilty based on the complaint and was sentenced. *Id.* ¶ 3. Thus, in *Chacon*, there was no probable cause determination, nor was the defendant found guilty after a trial on the merits. On appeal, the Supreme Court held that the criminal complaint "failed to meet the requirements of [Article] II, [Section] 14, thereby denying the court jurisdiction to accept the guilty plea and impose sentence upon him." *Id.* ¶ 10. The sentence was reversed. *Id.* ¶ 19.

**{9}** The *Bent* Court addressed an argument similar to that advanced here—that the alleged error in the grand jury proceedings deprived the district court of jurisdiction to

proceed to trial. *See Bent*, 2012-NMSC-038, ¶ 33. It concluded that the fact that a grand jury convened and indicted Bent as required by Article II, Section 14 distinguished that case from *Chacon*. *See Bent*, 2012-NMSC-038, ¶ 34; N.M. Const. art. II, § 14. The Court recognized that "*Chacon* should be seen as a constitutional limit on the power of the court over criminal matters that must be initiated by an indictment or information." *Bent*, 2012-NMSC-038, ¶ 35. But it held that the duration of a grand jury's term "being merely a matter of statute, goes not to the jurisdiction of the court . . . but to the manner in which that power is to be exercised." *Id.*; *see id*. ¶ 13 (describing the alleged error as "procedural"). It "disavow[ed] any use of a jurisdictional analysis for what amounts to a statutory error in how the grand jury conducted its business." *Id.* ¶ 36.

**{10}** *Chacon* is similarly inapposite to this case. Here, a preliminary hearing was in fact held as required by Article II, Section 14. Moreover, the alleged error Defendant relies on is procedural, not jurisdictional. The magistrate's decision to take judicial notice of testimony from a prior hearing on a different case was based on the rules of evidence, which, like the statute in *Bent*, govern how a court may exercise its jurisdiction, not the extent of the court's jurisdiction itself. *See Ammerman v. Hubbard Broad., Inc.*, 1976-NMSC-031, ¶ 8, 89 N.M. 307, 551 P.2d 1354 (stating that "[the r]ules of evidence do no more than regulate the method of proceeding by which substantive rights and duties are determined" and that rules of evidence are procedural). Per *Bent*, a jurisdictional analysis of the error is improper.

**{11}** Despite the outcome here, we find serious fault with the magistrate's reliance on Rule 11-201. *See Korematsu v. United States*, 584 F. Supp. 1406, 1415 (N.D. Cal. 1984) ("Care must be taken that Rule [11-]201 not be used as a substitute for more rigorous evidentiary requirements and careful fact[-]finding."). Rule 11-201(B) applies to evidence that is "not subject to reasonable dispute." It does not apply where, like here, the evidence is disputed and serves to constitute the foundation of criminal charges. Though we conclude that "the petit jury's verdict rendered harmless any conceivable error in the charging decision that might have flowed from the violation[,]" we caution against the process followed by the prosecutor and the magistrate below. *Bent*, 2012-NMSC-038, ¶ 25 (quoting *Mechanik*, 475 U.S. at 73).

## II.    Admission of Evidence

**{12}** At trial, Defendant testified that he never had sex with the victim S.B., but that he did have sex with her sister (Sister). Contrary to the State's contention that Defendant had admitted to the detective that he had sex with S.B., Defendant maintained that in his statement he was talking about having had sex with Sister, not S.B. After Defendant testified, the State called Sister as a rebuttal witness. Defendant objected on the ground that Sister had been in the courtroom throughout the testimony in spite of Defendant having invoked Rule 11-615. *See* Rule 11-615 ("At a party's request, the court must order witnesses excluded so that they cannot hear other witnesses' testimony, or the court may do so on its own."). Sister testified that she never had sex with Defendant.

4

**{13}**     On appeal, Defendant argues that the district court erred in permitting the testimony of a rebuttal witness who was not named as a witness before trial and that it was error to admit that witness's testimony when she had heard some or all of the testimony contrary to Rule 11-615.

**{14}**     As to the first issue, "rebuttal witnesses are those witnesses whose testimony reasonably cannot be anticipated before the time of trial[.]" *El Paso Elec. Co. v. Real Estate Mart, Inc.*, 1982-NMCA-117, ¶ 5, 98 N.M. 570, 651 P.2d 105 (internal quotation marks and citation omitted). Rarely does allowing a rebuttal witness to testify rise to reversible error. *Montoya v. Super Save Warehouse Foods*, 1991-NMSC-003, ¶ 16, 111 N.M. 212, 804 P.2d 403. "When an undisclosed 'rebuttal' witness is called, the [district] court should seek to determine whether there has been genuine surprise arising out of unexpected testimony . . . that justifies calling the undisclosed witness." *Id.* Even if the district court determines that "the party calling the rebuttal witness reasonably might have anticipated calling the witness, [however,] absent a strong showing of prejudice we see no error in allowing the witness to testify." *Id.* As to the second, "[t]he district court has broad discretion under Rule 11-615 and we will not disturb the decision of the [district] court absent a clear abuse of this discretion and prejudice to the complaining party." *State v. Shirley*, 2007-NMCA-137, ¶ 33, 142 N.M. 765, 170 P.3d 1003 (alteration, internal quotation marks, and citation omitted).

**{15}**     Because both tests for error hinge on whether Defendant has shown that admission of the testimony unfairly prejudiced him, we need not address whether the State was genuinely surprised by Defendant's testimony or whether the district court abused its discretion in admitting Sister's testimony because, even if these criteria were met, Defendant has not demonstrated that he was prejudiced by Sister's testimony. Direct examination of Sister was limited to whether Sister ever had a sexual relationship with Defendant and the extent of their acquaintance with each other. Sister did not testify as to whether S.B. had sex with Defendant. Defendant cross-examined Sister, including the fact that she was in the courtroom when Defendant testified and that the State had not called her to testify before Defendant's testimony. He also questioned her as to her testimony that she never told anyone that she had not had sex with Defendant until after she heard Defendant testify, even though the case had been going on for nearly nine months. In closing argument, Defendant highlighted the possibility of Sister "tailoring" her testimony to support the State's case.

**{16}**     Defendant does not explain how cross-examination would have been different had he had notice that Sister would testify. *See State v. Griffin*, 1988-NMCA-101, ¶ 14, 108 N.M. 55, 766 P.2d 315 (stating that an element of prejudice is whether cross-examination could have been strengthened by notice of the witness). Although he objected to admission of Sister's testimony, Defendant failed to request a continuance in order to interview her and does not explain how lack of opportunity to do so created unfair prejudice. *See id.* ¶ 12. "Moreover, the witness['s] testimony was ascertainable." *Id.* ¶ 13. Defendant himself argues that the defense strategy—that Defendant had slept with Sister, not S.B.—was clear from the day after the alleged incident, well before trial. Defendant, therefore, had sufficient notice that the State might seek to rebut this defense and adequate opportunity to interview

5

Sister.  Finally, Defendant does not address whether the "testimony of [Sister was] crucial to the [State's] case." *Mayeux v. Winder*, 2006-NMCA-028, ¶ 36, 139 N.M. 235, 131 P.3d 85 (stating that "undisclosed witness testimony should be excluded . . .  where prejudice to the appellant is *severe because the testimony of the witness is crucial to the appellee's case*." (emphasis added)).  Defendant has failed to demonstrate that he was prejudiced by Sister's testimony, and we therefore decline to reverse on the grounds that Sister was a surprise witness or that permitting her testimony was an abuse of discretion.

**CONCLUSION**

**{17}**     There being no post-trial remedy for the error in the preliminary hearing and having found no reversible error in admission of Sister's testimony, we affirm.

**{18}    IT IS SO ORDERED.**

_____
**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**

_____
**RODERICK T. KENNEDY, Chief Judge**

_____
**J. MILES HANISEE, Judge**

**Topic Index for *State v. Perez*, No. 31,814**

**APPEAL AND ERROR**
Harmless Error
Interlocutory Appeal
Prejudicial Error

**CRIMINAL LAW**
Criminal Sexual Penetration

**CRIMINAL PROCEDURE**
Probable Cause
Witnesses

**EVIDENCE**
Admissibility of Evidence
Exclusion of Evidence
Judicial Notice

Rebuttal
Witnesses

**JURISDICTION**
District Court
Magistrate Court

**REMEDIES**
Extraordinary Writ