This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-39625**

**STATE OF NEW MEXICO,**

     Plaintiff-Appellee,

v.

**FREDERICK ROSS MCCARTHY,**

     Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Cindy Leos, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM
Emily Bowen, Assistant Attorney General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
MJ Edge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**BACA, Judge.**

**{1}** Defendant Frederick McCarthy appeals his convictions for aggravated fleeing a law enforcement officer, in violation of NMSA 1978, Section 30-22-1.1 (2003); receiving or transferring stolen motor vehicles, in violation of NMSA 1978, Section 30-16D-4 (2009); resisting, evading or obstructing an officer (arrest), in violation of NMSA 1978, Section 30-22-1(B) (1981); and criminal damage to property (under $1,000), in violation of NMSA 1978, Section 30-15-1 (1963). Defendant contends that the district court

violated his constitutional right to a public trial when the court excluded his wife, who was previously identified as a witness in the case, from attending the trial pursuant to the rule of exclusion, Rule 11-615 NMRA. *See* U.S. Const. amend. VI (right to a speedy and public trial); N.M. Const. art. II, § 14 (same). Defendant also requests certification to the New Mexico Supreme Court to overturn its holding in *State v. Padilla*, 2008-NMSC-006, 143 N.M. 310, 176 P.3d 299, with respect to the elements of aggravated fleeing a law enforcement officer. *See* NMSA 1978, § 34-5-14 (1972); Rule 12-606 NMRA. We decline Defendant's request for certification and affirm the district court.

**{2}**     Because this is an unpublished memorandum opinion written solely for the benefit of the parties, *see State v. Gonzales*, 1990-NMCA-040, ¶ 48, 110 N.M. 218, 794 P.2d 361, and the parties are familiar with the factual and procedural background of this case, we omit a background section and leave the discussion of the facts for our analysis of the issues.

## DISCUSSION

### I.     Defendant Has Failed to Establish Error From His Wife's Exclusion From the Courtroom

**{3}**     We understand Defendant to argue that excluding his wife from the courtroom violated his Sixth Amendment right to a public trial on the grounds that removing her from the courtroom functioned as a partial courtroom closure. "We review this claim of error de novo." *State v. Hood*, 2014-NMCA-034, ¶ 6, 320 P.3d 522. Defendant also appears to contend that the district court misapplied Rule 11-615. "[T]he district court has broad discretion under Rule 11-615 and we will not disturb the decision of the district court absent a clear abuse of this discretion and prejudice to the complaining party." *State v. Perez*, 2014-NMCA-023, ¶ 14, 318 P.3d 195 (alteration, internal quotation marks, and citation omitted).

**{4}**     At the start of the trial, pursuant to Rule 11-615, the State requested that Defendant's wife, Ms. Martin, be excluded from attending the trial because she was a potential witness, whom the State would call if retrial was necessary because of a mistrial or hung jury. The State explained that Ms. Martin was initially on the State's witness list but was removed from the final witness list because she had pending criminal charges arising from the same incident, for which Defendant was being tried in a separate case, and could not be compelled to testify under the Fifth Amendment. Defendant objected to Ms. Martin's exclusion arguing that everyone has a right to a public trial and the State had removed her from their final witness list, thus the rule of exclusion did not apply to her. Defense counsel also mentioned that there was some "really, really strict law on when you can even partially close a courtroom." The district court responded to this point by saying, "I'm not closing the courtroom. I'm invoking the rule of exclusion." The district court granted the State's motion over Defendant's objection.

**{5}**     Defendant contends that the exclusion of Ms. Martin from his trial resulted in the district court's partial closure of the courtroom thereby violating his right to a public trial. Without citing any authority in support of his contentions, Defendant claims that "[b]anning Ms. Martin from the courtroom was not an invocation of the rule of exclusion, but was a courtroom closure." And, that the "closure was partial in that it applied only to Ms. Martin, but the closure was total in that she was excluded from the *entire* trial." "We assume where arguments in briefs are unsupported by cited authority, counsel after diligent search, was unable to find any supporting authority." *In re Adoption of Doe*, 1984-NMSC-024, ¶ 2, 100 N.M. 764, 676 P.2d 1329. Because Defendant has failed to cite any authority supporting this contention, we will consider it no further. *See State v. Vigil-Giron*, 2014-NMCA-069, ¶ 60, 327 P.3d 1129 (stating that "appellate courts will not consider an issue if no authority is cited in support of the issue and that, given no cited authority, we assume no such authority exists"); *see also State v. Aragon*, 1999-NMCA-060, ¶ 10, 127 N.M. 393, 981 P.2d 1211 (holding that "[t]here is a presumption of correctness in the district court's rulings," and the party claiming error bears the burden of showing such error (alterations, internal quotation marks, and citation omitted)). Here, because Defendant has failed to point us to any authority supporting his argument that exclusion of Ms. Martin, pursuant to Rule 11-615, was tantamount to a courtroom closure, he has failed to carry his burden of proving this contention.

**{6}**     To the extent Defendant additionally argues that the district court misapplied Rule 11-615 because Ms. Martin was no longer a witness in the trial at the time she was excluded, we are not persuaded. Pursuant to Rule 11-615, "[a]t a party's request, the court must order witnesses excluded so that they cannot hear other witnesses' testimony or the court may do so on its own." "The purpose of the rule is to maintain the effectiveness of cross-examination by preventing witnesses from using knowledge of prior testimony to recast their own testimony, perhaps even with honorable motives, to conform to what other witnesses have said or to otherwise anticipate possible cross-examination." *State v. Reynolds*, 1990-NMCA-122, ¶ 27, 111 N.M. 263, 804 P.2d 1082.

**{7}**     Here, Defendant has failed to persuade us that the district court abused its discretion when Ms. Martin was sequestered after the court was notified that Ms. Martin's related trial was still pending and that the State intended to identify her as a witness should Defendant's case be retried. *See Perez*, 2014-NMCA-023, ¶ 14. We reject, as unsupported, Defendant's contention that Rule 11-615 no longer applied after Ms. Martin was removed from the State's witness list but the State reserved the possibility of calling her in the event of a retrial. Again, Defendant has not pointed to any authority to support this contention. *See In re Adoption of Doe*, 1984-NMSC-024, ¶ 2. Moreover, other than Defendant's claim that his right to a public trial was violated—a claim we have rejected—Defendant has not claimed any specific prejudice by the alleged misapplication of Rule 11-615. *See Perez*, 2014-NMCA-023, ¶ 14; *see also State v. Astorga*, 2015-NMSC-007, ¶ 43, 343 P.3d 1245 ("[The d]efendant bears the initial burden of demonstrating that he was prejudiced by the error."). Lacking a clear showing of prejudice, we will not disturb the decision of the district court. *See Perez*, 2014-NMCA-023, ¶ 14. Accordingly, we affirm the district court to the extent that Defendant challenges the court's decision based on the rule of exclusion.

## II. Defendant's Request for Certification

**{8}** We turn now to the second issue on appeal. At trial, the district court denied Defendant's motion to modify the uniform jury instruction for aggravated fleeing to include as an essential element compliance with the Law Enforcement Safe Pursuit Act. Defendant asks us to certify to the New Mexico Supreme Court for reconsideration of its holding in *Padilla*. In *Padilla*, the New Mexico Supreme Court held that the phrase "in accordance with the provisions of the [Law Enforcement Safe Pursuit Act] is not an essential element of the crime of aggravated fleeing." 2008-NMSC-006, ¶ 34 (internal quotation marks omitted). Defendant argues that *Padilla* is unworkable as precedent.

**{9}** "[W]e ordinarily do not certify an issue to our [S]upreme [C]ourt for reconsideration of an earlier case unless subsequent legislation, decisions of the New Mexico Supreme Court, or decisions of the United States Supreme Court place in question the underpinnings of the decision being challenged." *State v. Bencomo*, 1990-NMCA-028, ¶ 9, 109 N.M. 724, 790 P.2d 521; *see also Alexander v. Delgado*, 1973-NMSC-030, ¶¶ 8-10, 12, 14-15, 84 N.M. 717, 507 P.2d 778 (holding that the Court of Appeals is bound by, and may not overrule or deviate from New Mexico Supreme Court precedent). Having failed to cite legislation or any decisions from the New Mexico Supreme Court or the United States Supreme Court to indicate *Padilla* should be reconsidered, Defendant has not demonstrated that certification is warranted here. Accordingly, we decline Defendant's request for certification.

## CONCLUSION

**{10}** For the reason set forth above, we affirm.

**{11}** **IT IS SO ORDERED.**

**GERALD E. BACA, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Chief Judge**

**JACQUELINE R. MEDINA, Judge**